**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 115965

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Michelle Miles, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> TrueAccord Corp., <br><br> Defendant. | Docket No: <br><br> **CLASS ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Michelle Miles, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against TrueAccord Corp. (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Michelle Miles is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant TrueAccord Corp., is a California Corporation with a principal place of business in San francisco County, California.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated April 1, 2018. (**"Exhibit 1."**)

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

### FIRST COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

2

19. The written notice must contain the amount of the debt.

20. The written notice must contain the name of the creditor to whom the debt is owed.

21. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

22. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

23. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

24. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

25. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

26. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

27. 15 U.S.C. § 1692g provides that any collection activities and communication during the 30-day validation period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

28. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

29. Demanding immediate payment without explaining that such demand does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

30. Demanding immediate payment without providing transitional language

3

explaining that such demand does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

31. Defendant has demanded Plaintiff make payment during the validation period.

32. The Letter states, "Due: Immediately."

33. The Letter fails to explain that the demand for immediate payment does not override the Plaintiff's right to dispute the debt.

34. The Letter fails to explain that the demand for immediate payment does not override the Plaintiff's right to demand validation of the debt.

35. The Letter fails to include any transitional language explaining that the demand for immediate payment does not override the consumer's right to dispute the debt or demand validation of the debt.

36. The Letter's demand for immediate payment would likely make the least sophisticated consumer uncertain as to her rights.

37. The Letter's demand for immediate payment would likely make the least sophisticated consumer confused as to her rights.

38. The Letter's demand for immediate payment would likely make the least sophisticated consumer overlook her rights.

39. The Letter's demand for immediate payment would likely discourage the least sophisticated consumer from exercising her rights to seek validation of the debt.

40. The Letter's demand for immediate payment would likely discourage the least sophisticated consumer from reading her validation rights.

41. The Letter's demand for immediate payment overshadows Plaintiff's validation rights.

42. The Letter's demand for immediate payment contradicts Plaintiff's validation rights.

43. For the foregoing reasons, the Letter violates 15 U.S.C. § 1692g.

44. For the foregoing reasons, the Letter violates 15 U.S.C. § 1692g(b).

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations**

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

45. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

46. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

47. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

48. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

49. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

50. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

51. For the reasons previously stated, the least sophisticated consumer could read the Letter to mean that the demand for immediate payment overrides her right to dispute the debt.

52. For the reasons previously stated, the least sophisticated consumer could read the Letter to mean that the demand for immediate payment overrides her right to request the name of the original creditor.

53. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

54. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

55. The least sophisticated consumer would likely be deceived by the Letter.

56. The least sophisticated consumer would likely be deceived in a material way by the Letter.

57. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**CLASS ALLEGATIONS**

58. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

5

consumer debt using a collection letter that states "Due: Immediately," from one year before the date of this Complaint to the present.

59. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

60. Defendant regularly engages in debt collection.

61. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using a collection letter that states "Due: Immediately."

62. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

63. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

64. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

65. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c. Find that Defendant's actions violate the FDCPA; and

    d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiff's costs; together with

    g. Such other relief that the Court determines is just and proper.

DATED: September 17, 2018

**BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders*_____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 115965